Patsy BURCHETT, Plaintiff,

v.

Phillip Lee CHEEK and County of Lee, Defendants.

Civ. A. No. 85–0065–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Dec. 18, 1985.

Cynthia D. Kinser, Pennington Gap, Va., for plaintiff.

Gregory E. Lucyk, Asst. Atty. Gen., Richmond, Va., for Fitz-Hugh.

Henry Keuling-Stout, Mullins, Winston, Keuling-Stout, Thomason & Harris, Norton, Va., for Phillip Lee Cheek and County of Lee.

## MEMORANDUM OPINION

KISER, District Judge.

### I. *Introduction*

A jury trial was held in the above-captioned matter on September 11–12, 1985. In response to special verdict questions, the jury found that Plaintiff was not reappointed to her position as assistant general registrar of Lee County, Virginia, solely because of her political party affiliation, specifically with the Republican party. The jury awarded compensatory damages in the amount of $40,000.00. Post-trial motions were subsequently filed and briefed and are now ready for resolution.

1. A full discussion of this controversy is found in the Memorandum of this Court filed on December 7, 1985, with regard to post-trial motions in the *Kilgore/McConnell* case and will not be repeated here.

2. The applicable statute, *Va. Code* § 24.1–45, provides that the general registrar has the authority to appoint assistants, the number and term of whom are set by the county electoral

### II. *Background*

This federal action and the related case of *Kilgore v. McClelland, et als.* and *McConnell v. Adams, et als.*, 637 F.Supp. 1241 (hereinafter referred to as *Kilgore/McConnell* case), arose as a result of the 1981 gubernatorial election in which a Democrat replaced a Republican as governor of Virginia. A controversy developed over who had been appointed by the county electoral board as the general registrar in Lee County [1] and on April 1, 1983, according to the testimony at trial, Defendant Phillip Cheek, a Democrat, arrived at the registrar's office to begin work. Doris McConnell, Cheek's predecessor, and a Republican, claimed that she had been reappointed and had filed the related federal case mentioned above.

McConnell was the assistant registrar in Lee County beginning in 1974 and from 1977 until Cheek took over, she had served as general registrar. Plaintiff Burchett had begun her work as assistant registrar to McConnell in June of 1977 and thought she would be continuing in her position when Cheek took office. Cheek, however, terminated Plaintiff upon her arrival at work on April 1.[2]

Although Plaintiff asked to be considered for the assistant registrar's position and submitted resumes to Cheek, she was not contacted by him for an interview nor was she rehired. Instead, W.R. Hines worked unpaid as assistant registrar up until the 1983 election and in January, 1984, Sue Willis became Cheek's paid assistant registrar. Cheek left office as of July 1, 1985, and became a state trooper. Hines replaced Cheek as general registrar.

The questions answered affirmatively by the jury focused on two relevant time peri-

board. The general registrar establishes the duties of the assistants and is empowered "to remove any assistant registrar who fails to discharge the duties of his office." The term of an assistant may not extend beyond that of the incumbent general registrar, which under *Va. Code* § 24.1–44, is set for four years, commencing on April 1, 1983, and every four years thereafter.

ods: the interval between April 1, 1983, and January 17, 1984 (when Sue Willis was appointed) and between January 17, 1984, and the present time. The jury found that Cheek's failure to reappoint Burchett during both periods was based solely on Plaintiff's affiliation with the Republican party.[3] The damage award was essentially equal to the wages Plaintiff lost in being deprived of a four-year term as assistant registrar.

## III. Discussion

■ Defendants' motions ask for a judgment n.o.v. as well as for a ruling that the good faith immunity doctrine insulates Cheek in his personal capacity from liability for money damages. Moreover, they argue that this case falls within the rationale of *Whited v. Fields*, 581 F.Supp. 1444 (W.D.Va.1984), as an exception to the rulings against politically motivated hirings and firings in the landmark cases of *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). Plaintiff has urged the Court to affirm the jury verdict in her favor, to order her reinstatement, and to award her attorney fees.

The *Elrod* and *Branti* cases were discussed at pages 2–4 of my December 7, 1985, Memorandum Opinion in the *Kilgore/McConnell* case, and that discussion is incorporated by reference herein. Both *Elrod* and *Branti* addressed political firings of or failure to reappoint assistants or deputies, and as the *Branti* Court noted, "After *Elrod*, it is clear that the lack of a reasonable expectation of continued employment is *not* sufficient to justify a dis-

missal based solely on an employee's private political beliefs." 445 U.S. at 512 n. 6, 100 S.Ct. at 1291 n. 6 [emphasis supplied]. In *Branti*, which is more directly applicable to the facts of the present case, the terms of assistants expired when the six-year term of the public defender expired. The Court nevertheless held that the newly-appointed public defender, whose political party affiliation differed from that of his predecessor, could not terminate assistants of the other party solely for political reasons absent a showing "that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id.* at 518, 100 S.Ct. at 1295. No such showing was made in *Branti*, and the Supreme Court affirmed the entry of an injunction against termination of the employment of the assistant public defenders.

The same rationale utilized in *Branti* requires that this Court order the reinstatement of Burchett as assistant registrar in Lee County, Virginia. Testimony at trial, including that of Defendant Cheek, was uncontradicted that political party affiliation of an assistant registrar is irrelevant to effective job performance. The *Whited* case, upon which Defendants rely, has been discussed in both of the post-trial briefs. I agree with Plaintiff's conclusions that the *Whited* case is readily distinguishable from the present one. In *Whited* the federal district court focused narrowly on the "alter ego" relationship of deputies with the county sheriff. In fact, the court accepted the newly-elected sheriff's testimony "that the election in 1983 in Russell County, Virginia was between him and Price's [the retiring former sheriff's] deputies, not be-

3. As in the *Kilgore/McConnell* case, the questions posed to the jury followed the Fourth Circuit model as set forth in *Jones v. Dodson*, 727 F.2d 1329 (4th Cir.1984). The special verdict form asked the jury to decide whether Cheek's failure to reappoint Plaintiff was solely for political reasons, solely for non-political reasons, or a combination of both, i.e., mixed motives. The jury selected the following responses:

I. As to appointment for period of time from April 1, 1983 to January 17, 1984: ...

A. The Defendant, Cheek, failed to re-appoint Plaintiff Burchett to the position of Assist-

ant General Registrar of Lee County solely because of her political party affiliation (Republican)....

II. As to appointment from [sic] period of time from January 17, 1984 until present time: ...

A. The Defendant, Cheek, failed to re-appoint Plaintiff Burchett to the position of Assistant General Registrar of Lee County solely because of her political party affiliation (Republican).

tween him and Martin [his opponent]." 581 F.Supp. at 1456. The court further noted that "there is no higher benefit in all our system of government than that of preserving the benefit of a person's vote" and permitted the new sheriff to discharge deputies, as well as jailers, on pure patronage grounds.

A major difference between *Whited* and the present case is that in *Whited* the hiring authority, i.e., the sheriff, was an elected official and the plaintiff deputies had actively campaigned for his opponent. Moreover, Fields, the new sheriff, had run on the promise of "cleaning house", and his landslide victory showed support by the electroate of such a move. In contrast, Patsy Burchett had no input or control over the appointment of general registrar. Cheek's testimony that he felt the assistant could not serve longer than his or her hiring authority, i.e., the former general registrar, is contrary to both *Elrod* and *Branti*. Assuming *arguendo* that Burchett had no reasonable expectation of continued employment, both cases nevertheless condemn dismissals based solely on party affiliation.

■ Cheek has raised a qualified immunity defense in an effort to insulate himself in his individual capacity from liability for the damages awarded by the jury. The basic principles of this defense were discussed at pages 9–11 of my December 7, 1985, Memorandum Opinion in the *Kilgore/McConnell* case and will not be repeated here. My conclusions with regard to Cheek mirror those reached in the *Kilgore/McConnell* matter.

The test to be used in determining whether the defense applies is an objective one and focuses on whether the conduct at issue violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The *Harlow* Court further noted that "a reasonably competent public official should know the law governing his conduct" and that the defense should generally fail when the law is clearly established. *Id.* at 819,

102 S.Ct. at 2739. The *Elrod* and *Branti* decisions were rendered by the Supreme Court several years prior to Cheek's termination of Burchett from her position as assistant registrar. Cheek must be held to the knowledge that reasonably competent public officials would have had. Under the circumstances, he should have known the clearly established law applicable to his appointment of an assistant. He has failed to make out a qualified immunity defense.

■ As noted above, the damages awarded by the jury essentially corresponded to the salary Plaintiff would have received during an additional four-year term as assistant registrar. The award is entirely appropriate under the evidence. Because the individual Defendant was sued in his official capacity, however, the Court must determine whether, under the holding in *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), liability for the money damages may be imposed on the entity represented by Cheek. As I noted at pages 1247–1248 of my December 7, 1985, Memorandum Opinion in the *Kilgore/McConnell* matter, such a determination requires resolution of two basic questions. First, it must be decided whether Defendant was acting in his official capacity so as to impose liability pursuant to *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), and if so, under the *Brandon* standard, did the employer have ample notice and opportunity to defend? Second, the question of whether Cheek was a county or a state official must be resolved. In the present matter, although the electoral board of Lee County appointed Cheek as general registrar and the county was named as a Defendant, the hybrid nature of the general registrar's position presents problems.

A declaratory judgment action entitled *Katherine McClelland and Faye Owens v. Republic Insurance Company and The Compass Insurance Company,* Civil Action No. 83–0223, is presently pending in

this Court to resolve whether county electoral board members are state or county employees.

As I indicated in the *Kilgore/McConnell* decision, a hearing to resolve the issue of county and/or state liability is appropriate. At that hearing, all interested parties may participate and before the hearing may submit briefs supportive of their position.

As I have already stated, Plaintiff is entitled to injunctive relief to restore her to her former position as assistant registrar in Lee County. Doris McConnell will be restored to her former position of general registrar effective April 1, 1986, at which time she shall reinstate Burchett as assistant registrar.[4] Plaintiff Burchett's money damage award shall be reduced by an amount which corresponds to her compensation between April 1, 1986, and April 1, 1987, the expiration date of the four-year term at issue in the present case.

Plaintiff's attorney has filed a motion for attorney's fees. As in the *Kilgore/McConnell* case, the fee award issue is a collateral matter and shall be deferred pending resolution of all other issues in this litigation.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record in this case, to all counsel of record in the *Kilgore/McConnell* matter, as well as the *amicus curiae* and counsel for Scott County, and to all counsel of record in the declaratory judgment action docketed in this Court at Civil Action No. 83–0223.

---

**4.** Pursuant to Federal Rule of Civil Procedure 25(d)(1), Cheek's successor, W.R. Hines, has been substituted as a defendant for official capacity aspects of this case. When McConnell assumes office as general registrar, she will be substituted and she is thus enjoined to reappoint Burchett at that time.