Nancy BOCKES, Plaintiff–Appellant,

v.

Bettye Lou FIELDS, Individually and as a member and Chairman of the Board of Social Services, Grayson County, Virginia; Robert Wells, Individually and as a member of the Board of Social Services, Grayson County, Virginia; Dennis Cooley, Individually and as a member and Vice–Chairman of the Board of Social Services, Grayson County, Virginia; Department of Social Services, Grayson County, Virginia, Defendants–Appellees.

and

County of Grayson, Virginia, Defendant.

Nancy BOCKES, Plaintiff–Appellee,

v.

COUNTY OF GRAYSON, VIRGINIA, Defendant–Appellant,

and

Bettye Lou Fields, Individually and as a member and Chairman of the Board of Social Services, Grayson County, Virginia; Robert Wells, Individually and as a member of the Board of Social Services, Grayson County, Virginia; Dennis Cooley, Individually and as a member and Vice–Chairman of the Board of Social Services, Grayson County, Virginia; Department of Social Services, Grayson County, Virginia, Defendants.

Nos. 92–2047, 92–2072.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1993.

Decided July 26, 1993.

Kurt Joseph Pomrenke, White, Elliott & Bundy, P.C., Bristol, VA, (Steven R. Minor, on brief), for plaintiff-appellant.

Robert Vincent Ward, Law Offices of Robert v. Ward, P.C., Bristol, VA, for defendants-appellees.

Before WILKINSON, Circuit Judge, SPROUSE, Senior Circuit Judge, and G. ROSS ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

## OPINION

WILKINSON, Circuit Judge:

This case poses two questions about the amenability of governmental bodies to suit in federal court—here an action claiming termi-

nation from employment without due process. The first question is whether the Board of Social Services for Grayson County, Virginia and the Department of Social Services for Grayson County are state entities, and thus immune from suit in federal court under the Eleventh Amendment. We hold that they are immune, because their liability to plaintiff would be covered by an insurance plan funded by the state. The second question is whether Grayson County can be held responsible under 42 U.S.C. § 1983 for the personnel decisions of the Board. We hold that it cannot, because the Board did not dismiss plaintiff pursuant to any County policy. We accordingly affirm the district court on the first question, reverse it on the second question, and remand with instructions that plaintiff's claim be dismissed. Plaintiff must be satisfied with the extensive grievance procedures provided by the Commonwealth of Virginia, which she has already pursued with some success.

## I.

The Commonwealth of Virginia has established a complicated scheme for administering its social services programs. At the top is the Commissioner of Social Services, who is appointed by the Governor of Virginia. Va.Code § 63.1–2. The Commissioner manages the Department of Social Services for the entire state. *Id.* at § 63.1–1.1. A nine-member State Board of Social Services, also appointed by the Governor, advises the Commissioner. *Id.* at §§ 63.1–14, 63.1–24.

The counties and cities in Virginia have local departments of social services as well, which help to implement the programs enacted by the Commonwealth. Va.Code § 63.1–38.1. The local departments are overseen by local boards of social services, which are appointed by the counties or cities. *Id.* at §§ 63.1–38, 63.1–38.1. The local board selects a local director, who administers social services on a day-to-day basis. *Id.* at §§ 63.1–59, 63.1–60.

The Commissioner and State Board of Social Services retain ultimate authority over personnel decisions at both the state and local level, however. The State Board has the duty to "establish minimum entrance and performance standards for the personnel employed by the Commissioner, local boards and local superintendents." Va.Code § 63.1–26. The Commissioner is required to "remove each employee who does not meet such standards." *Id.* at § 63.1–37. While local department employees "serve at the pleasure of the local board," the local board must adhere to guidelines promulgated by the State Board when it hires and fires personnel. *Id.* at § 63.1–61. "Members of any local board may be suspended or removed for cause by the State Board." *Id.* at § 63.1–45.

Plaintiff Nancy Bockes served for thirteen years as Director of the Grayson County Department of Social Services (the "Department"). In June of 1990, she was fired by the Grayson County Board of Social Services (the "Board"), without notice and without a pre-termination hearing. She then filed a grievance, using procedures prescribed by the Virginia Department of Social Services. A grievance panel ordered the Board to reinstate her as Director and to give her one-half backpay for the period during which she had no job.

Dissatisfied with the award, Bockes filed this § 1983 action seeking the other half of her backpay, plus damages for pain and suffering. She named the members of the Board as defendants, both in their individual and official capacities. She also named the Department and the County itself.

Bockes' case ultimately went to trial. At the close of the evidence on liability, the district court ruled that Bockes' position as Director was "permanent," and thus that the Fourteenth Amendment required the Board to have given her a pre-termination hearing.[1] The court submitted the issue of damages to the jury, which awarded Ms. Bockes a total of $20,000: $13,000 for lost wages and benefits; $7,000 for pain and suffering.

The Board and the Department maintained that they were immune from suit in

---

1. The court also ruled that the Board members had qualified immunity in their individual capac-

ities. Bockes does not appeal this ruling.

federal court because they were state entities under the Eleventh Amendment. The County maintained that it was not liable because the Board had not fired Ms. Bockes pursuant to any County policy. The district court granted judgment as a matter of law both to the Board and to the Department, agreeing that they were immune from suit under the Eleventh Amendment. *Bockes v. Fields,* 798 F.Supp. 1219, 1222–24 (W.D.Va.1992). The court upheld the $20,000 verdict against the County, however, ruling that the Board's firing of Ms. Bockes was an official policymaking act attributable to the County. *Id.* at 1224–26.

Both sides appeal this judgment. Bockes appeals the ruling that the Board and the Department are immune from suit. The County cross-appeals the ruling that it is liable for the acts of the Board. All defendants maintain alternatively that the district court erred in ruling that Ms. Bockes was denied due process. We shall address each issue in turn.

## II.

■ "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. This Amendment serves to curb overreaching by the federal judiciary into the internal affairs of a sovereign state. While the Eleventh Amendment on its face applies only to suits by citizens of a foreign state, it is now well established that an unconsenting state is immune from suits in federal court brought by its own citizens as well. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). It is also well established that this immunity extends to state agencies and officials, when a monetary judgment against them would be paid from the state treasury. "[W]hen the action is in essence one for the recovery of money from the

state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). "Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman,* 415 U.S. at 663, 94 S.Ct. at 1356.

In this case, were we to hold the Board and the Department liable to Ms. Bockes, a substantial portion of that liability would be paid by the Commonwealth of Virginia. The Board and the Department subscribe to the Commonwealth's Public Officials Liability Self-Insurance Plan. Under this Plan, the Treasurer of Virginia manages a separate trust fund which covers liability that subscribing agencies incur in the discharge of their duties. The Commonwealth pays 80% of the premiums that fund this Plan; the agencies the other 20%. Of the $20,000 judgment against the Board and the Department, the Plan would cover $10,500: $13,000 for Bockes' lost wages and benefits,[2] minus a $2,500 deductible.[3] And since the Commonwealth funds 80% of the Plan, 80% of this $10,500, or $8,400, would come ultimately from the Virginia treasury. The Eleventh Amendment bars this recovery.

Ms. Bockes attempts to avoid this conclusion. She asks us to consider other factors that this court has previously identified as relevant to determining whether an agency is a state entity for Eleventh Amendment purposes: the characterization of the agency under state law; the extent of state control over the agency; and the dependence of the agency on state appropriations. *See Keller v. Prince George's County,* 827 F.2d 952, 964 (4th Cir.1987); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n,* 822 F.2d 456, 457–58 (4th Cir.1987). Certainly these factors should be considered in actions that seek remedies other than damages from

2. The Plan does not cover Ms. Bockes' damages for mental anguish.

3. It is not clear from the record whether the deductible would apply to this particular claim. We assume *arguendo* that it does.

state treasuries. *See, e.g., Ram Ditta,* 822 F.2d at 458–60 (considering other factors after determining that judgment against Planning Commission would not be paid from Maryland treasury). When the action seeks damages that would be satisfied by state funds, however, no further inquiry is necessary.

We thus conclude that the Board and the Department are immune from suit in federal court by Ms. Bockes. That the Commonwealth would pay only part of the judgment against these defendants does not restrict our holding. Defendants' Eleventh Amendment immunity cannot turn on whether Bockes seeks damages for emotional distress, or other damages ancillary to her core claim that defendants denied her due process. The insurance plan funded by the Commonwealth covers this core claim. The Eleventh Amendment therefore bars the suit.

### III.

■ Under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a county may be liable for acts done pursuant to its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694, 98 S.Ct. at 2037. The district court found the Board's firing of Ms. Bockes to represent the "official policy" of Grayson County, because the County had the power to hire and fire the members of the Board. The County argues that this analysis is misfocused, because the Commonwealth, not the County, sets personnel policy for the Board.

We agree with the County. The relevant question is whether the Board acted as the County's designated "policymaking authority" when it fired Nancy Bockes. " '[P]olicymaking authority' implies authority to set and implement general goals and programs of municipal government, as opposed to discretionary authority in purely operational aspects of government." *Spell v. McDaniel,* 824 F.2d 1380, 1386 (4th Cir.1987). In Virginia, neither the County nor the local boards have authority to set "general goals and programs" for social services personnel; that authority is reserved for the State Board.

*See* Va.Code §§ 63.1–26. The State Board has wielded this authority by publishing a comprehensive personnel handbook, which the local boards must follow. Among other things, this handbook requires the local boards to apply merit criteria in their personnel decisions. It even prescribes the grievance procedure that Ms. Bockes used in this case. In short, the Grayson County Board enjoyed its discretion to fire Ms. Bockes at the prerogative of and within the constraints imposed by the Commonwealth. Such bounded, state-conferred discretion is not the "policymaking authority" for which a county may be held responsible under § 1983.

### IV.

In sum, we hold that the Board and the Department are immune from suit in federal court, and that the County is not liable for the actions of the Board. We thus need not address whether Ms. Bockes was deprived of due process by being fired without a pre-termination hearing, because none of the defendants are amenable to federal suit. Ms. Bockes must settle for the remedy afforded her by state law. The judgment of the district court is

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS TO DISMISS.*