34 F.3d 1066
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Motee PERSAUD, Ph.D., Plaintiff-Appellant,
v.
MORGAN STATE UNIVERSITY; Otis Thomas, Defendants-Appellees,
and
Earl S. RICHARDSON; Clara Adams; Wallace Gatewood, Defendants.
 No. 93-2478.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided August 19, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-92-842-N)
 Robert B. Levin, Shiling, Bloch & Levin, P.A., Baltimore, D, for Appellant.
 J. Joseph Curran, Jr., Attorney General of Maryland, Andrew H. Baida, Assistant Attorney General, Lawrence P. Fletcher-Hill, Assistant Attorney General, Baltimore, MD, for Appellees.
 D.Md.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dr. Motee Persaud ("Appellant"), who is a naturalized citizen from Guyana, appeals from a district court order that dismissed his amended complaint in which he alleged violations of 42 U.S.C. Secs. 1983, 1981 (1988) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e (1988)). He alleged that Morgan State University ("the University") improperly denied him tenure and terminated his employment. Because we find that the Eleventh Amendment shields the University as to some claims and because we find that Appellant has failed to state a claim as to his other causes of action, we affirm.
 
 
 2
 Appellant was an associate professor of business administration at the University from August 1985 through June 1991. The Dean of the University's School of Business and Management ("Thomas") notified Appellant in November 1988 that he was required to undergo a tenure evaluation; to be granted tenure, Appellant was required to achieve satisfactory performance in the areas of teaching, research publication, and service to the University. Appellant was eventually denied tenure in August 1990, and his employment was terminated in June 1991.
 
 
 3
 Appellant alleged in his first complaint against the University and four University employees that they unlawfully denied him tenure and terminated his employment in violation of federal and state law. He alleged that he was hired primarily because of his professional corporate expertise and that the Defendants knew when they hired him that he did not have significant published research, a requirement for tenure. Appellant alleged that the Defendants never fulfilled their promises that he would be given time and resources to conduct research for publication. The court dismissed most of Appellant's claims in this complaint, but granted him leave to file an amended complaint to assert claims against Thomas and the University. Appellant filed a complaint in which he asserted various claims against Thomas and the University. The court dismissed the amended complaint as well and Appellant appealed from that order.
 
 
 4
 This Court reviews a district court order dismissing a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) de novo. Schatz v. Rosenburg, 943 F.2d 485, 489 (4th Cir.1991), cert. denied sub nom., Schatz v. Weinberg & Green, 117 L.Ed.2d 619, 112 S.Ct. 1475 (1992). We construe the factual allegations contained in the complaint in the light most favorable to the plaintiff and affirm the dismissal if it appears that the plaintiff would not be entitled to relief under any facts which could be proved in support of his claim. Id.
 
 
 5
 The district court properly found that the Eleventh Amendment bars Appellant's 42 U.S.C. Secs. 1981, 1983 claims and his breach of contract claim against the University. Under the Eleventh Amendment, an unconsenting state is immune from suits in federal court brought by its own citizens. Bockes v. Fields, 999 F.2d 788, 790 (4th Cir.1993), cert. denied, 127 L.Ed.2d 216, 114 S.Ct. 922 (1994). The Eleventh Amendment does not bar Appellant's claims against Thomas in his individual capacity, Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974), or the Title VII claims against the University. Fitzpatrick v. Bitzer, 427 U.S. 445, 452 (1976).
 
 
 6
 In order to establish a prima facie case of discriminatory discharge under Title VII, a plaintiff must establish that his job performance was satisfactory and present direct or indirect evidence whose cumulative probative force supports a reasonable inference that his discharge was discriminatory. Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th Cir.), cert. denied, 121 L.Ed.2d 40, 113 S.Ct. 76 (1992). Conclusory allegations of discrimination are insufficient to state a claim. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir.1990).
 
 
 7
 Appellant's claims concern the circumstances surrounding his denial of tenure and termination. He alleges that between 1985 and 1989, he was assigned an unduly heavy load of classes and administrative responsibilities that prevented him from publishing. He alleges that the heavy workload resulted from racial bias on behalf of Thomas, who is African-American. Appellant asserts that Thomas's racial bias against him surfaced in three ambiguous comments Thomas made in 1988. Even if Thomas's comments could be interpreted as racial slurs, "occasional or sporadic instances of the use of racial or ethnic slurs in and of themselves do not constitute acts of racial discrimination." Robinson v. Montgomery Ward and Co., Inc., 823 F.2d 793, 797 (4th Cir.1987), cert. denied, 484 U.S. 1042 (1988). Appellant fails to make any connection between these remarks, which occurred almost two years before he was denied tenure, and the Defendants' actions.
 
 
 8
 Thomas became dean three years after Appellant joined the faculty and assumed his allegedly heavy workload. In addition, Appellant alleges that the former dean considered teaching and service to the University to be the primary goals and emphasized those criteria over the publication requirement. Even if the new administration differs in its philosophy from the old, such a contrast does not establish racial discrimination.
 
 
 9
 Appellant continues that certain African-American faculty members were given more time than he was to complete published research before being required to apply for tenure. All of these were assistant professors, while Appellant was an associate professor. According to the University's handbook, assistant professors are generally required to have less professional achievement and are granted more time than associate professors in which to meet tenure requirements. Associate professors are hired for three-year terms and are notified by the end of the second year of the University's tenure decision; an associate professor who is denied tenure in the third year receives a one-year terminal appointment. Assistant professors are appointed for an initial term of three years which may be renewed for an additional three years.
 
 
 10
 Appellant alleges that because he was not reviewed for tenure at all during his first three years, he was treated more like an assistant professor than an associate professor. The handbook also states, however, that Appellant should initiate the tenure review process. Thus, Appellant has failed to demonstrate that he was treated differently from other similarly situated individuals.
 
 
 11
 In order to establish a Title VII violation in denial of tenure, Appellant must establish that he was qualified for the position. Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118, 121 (4th Cir.1991). Appellant acknowledges that he failed to meet the publication criterion for tenure, and he has not established that any discriminatory action of the Defendants prevented him from publishing. Since he was not qualified for tenure, this claim is meritless.
 
 
 12
 Appellant also alleges that though the tenure committee denied him tenure, it recommended that he be allowed to continue his employment to meet the publication requirement. He states that Thomas recommended that his employment with the University be terminated for discriminatory reasons. Appellant asserts that he should have been given additional time to fulfill the publication requirement. As previously noted, Appellant failed to establish that Thomas discriminated against him because of his national origin. Neither has Appellant established that any similarly situated associate professor who failed to meet the publishing requirement was granted additional time to do so. Therefore, this claim is meritless.
 
 
 13
 Appellant also fails to state a claim under Sec. 1981 or Sec. 1983. In order to establish a Sec. 1981 claim for employment discrimination, or a Sec. 1983 claim for deprivation of equal protection or substantive due process, Appellant must allege the same prima facie case as is required by Title VII. Abasiekong v. City of Shelby, 744 F.2d 1055, 1058 (4th Cir.1984). As discussed above, Appellant failed to establish a prima facie case because he acknowledges that he was not qualified for the tenured position.*
 
 
 14
 Remaining is Appellant's Sec. 1983 procedural due process claim against Thomas. Appellant has not alleged how Thomas was personally involved in denying him tenure, and respondeat superior is generally inapplicable to Sec. 1983 suits. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Liability may attach if the conduct causing the deprivation is undertaken to effectuate official policy or custom for which the official is responsible, Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir.1982), but Appellant has failed to establish that he was denied tenure pursuant to any policy or custom for which Thomas was responsible.
 
 
 15
 In addition, Appellant has failed to establish a procedural due process violation under the Fourteenth Amendment because he failed to establish that he was improperly deprived of liberty or a property interest. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). To possess such a property interest in a benefit, a person must have more than a desire for or unilateral expectation of it, he must have a legitimate claim of entitlement to it. Id. at 577. The University's tenure policy explicitly stated that promotions could not be considered automatic and that "successive reappointments or the completion of a specified period of service shall not confer a right to appointments with tenure."
 
 
 16
 Appellant asserts that he has a property right in continued employment by virtue of "an informal or implicit rule of understanding" under Sabet v. Eastern Va. Medical Auth., 775 F.2d 1266, 1269 (4th Cir.1985). A unilateral expectation on the part of the would-be recipient cannot create such an entitlement. Id. The above-quoted statements from the University's handbook establish that Appellant had only a unilateral expectation of an appointment with tenure. For these reasons, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 As previously noted, the University is shielded by the Eleventh Amendment as to Appellant's Sec. 1981 and Sec. 1983 claims against it