Filed:  February 12, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 95-2463
(CA-94-1416-6-21AK)

---

Seyvelle Parks,

Plaintiff - Appellant,

versus

Piedmont Technical Center,

Defendant - Appellee.

---

O R D E R

---

The Court amends its opinion filed January 31, 1996, as follows:

On page 3, second full paragraph, line 3 -- the spacing in the words "in the" is corrected.

For the Court - By Direction

/s/ Bert M. Montague

---

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SEYVELLE PARKS,
Plaintiff-Appellant,

v.                                                              No. 95-2463

PIEDMONT TECHNICAL COLLEGE,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CA-94-1416-6-21AK)

Submitted: January 16, 1996

Decided: January 31, 1996

Before WIDENER, MURNAGHAN, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Seyvelle Parks, Appellant Pro Se. Thomas Allen Bright, Anna Maria
Conner, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES,
P.A., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Seyvelle Parks appeals from the district court's orders granting summary judgment against him on his action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-2 (West 1994), 42 U.S.C.A. § 1981 (West 1994), and breach of contract. Finding no error, we affirm.

We review a district court's grant of summary judgment de novo. Foster v. American Home Prods. Corp., 29 F.3d 165, 168 (4th Cir. 1994). Parks primarily contends that Piedmont Technical College, his former employer, discriminated against him by dismissing him from his position as a program director. However, the district court correctly determined that Piedmont is immune from § 1981 and breach of contract liability under the Eleventh Amendment. Absent waiver or consent, Moreno v. University of Maryland, 645 F.2d 217, 220 (4th Cir. 1981), aff'd, 458 U.S. 1 (1982), the Eleventh Amendment bars suit by private parties to recover money damages from the state or its alter egos acting in their official capacities. Huang v. Board of Governors, 902 F.2d 1134, 1138 (1990). The bar is equally applicable to pendent state law claims. Id. (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)). Piedmont is an alter ego of the state of South Carolina, as any judgment against it would be satisfied with state funds. See Hess v. Port Authority Trans-Hudson Corp., ___ U.S. ___, 63 U.S.L.W. 4009, 4014 (U.S. Nov. 14, 1994) (No. 93-1197); Bockes v. Fields, 999 F.2d 788, 790 (4th Cir. 1993), cert. denied, ___ U.S. #6D6D 6D#, 62 U.S.L.W. 3486, 62 U.S.L.W. 3491 (U.S. Jan. 24, 1994) (No. 93-818). Because the state has not waived Eleventh Amendment immunity, Piedmont is immune from § 1981 and breach of contract liability.

Further, the district court properly granted summary judgment on Parks's Title VII claim because he failed to show that Piedmont intentionally discriminated against him. An employer can rebut a claimant's Title VII prima facie case by presenting a non-discriminatory reason for taking its challenged action. Page v. Bolger, 645 F.2d 227, 230-31 (4th Cir.), cert. denied, 454 U.S. 892 (1981). The claimant may still succeed, though, if he presents evidence that the employer's

2

proffered reason is merely a "pretext" for intentional discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). The claimant must show both that the employer's proffered reason is false and that the employer intended to discriminate against him by taking the challenged action. Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3311, and 64 U.S.L.W. 3316 (U.S. Oct. 30, 1995) (No. 95-396) (citing St. Mary's Honor Ctr. v. Hicks, ___ U.S. ___, 61 U.S.L.W. 4782 (U.S. June 25, 1993) (No. 92-602)).

Parks's claim fails because he did not show that Piedmont intentionally discriminated against him. Piedmont presented evidence that Parks's dismissal was motivated by his unsatisfactory performance. Parks then merely rebutted this claim by arguing that his performance was satisfactory; he failed to present any evidence that Piedmont intentionally discriminated against him.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decision process.

AFFIRMED

3