Deborah BLANKENSHIP, Plaintiff,

v.

WARREN COUNTY, VIRGINIA, et al.

Civil Action No. 95–00062–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

June 26, 1996.

Michael T. Leibig, Carla Markim Siegel, Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, P.C., Fairfax, VA, for plaintiff.

John Mills Barr, James J. Kelley, Morgan, Lewis & Bockius, Washington, D.C., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff in this case is Deborah Blankenship, a former deputy employed by the Sheriff's Department in Warren County. Defendants are Sheriff Lynn Armentrout ("Sheriff") and the Warren County Sheriff's Department ("Sheriff's Department"). This matter comes before the court on plaintiff's motion to reconsider this court's Order and underlying Memorandum Opinion of March 19, 1996 (as amended by this court's Clarification of March 29, 1996), which concluded (A) that the Sheriff cannot be held liable in his individual capacity under Title VII, 42 U.S.C. § 2000e *et seq.*; (B) that the Sheriff and the Sheriff's Department are arms of the state and are therefore entitled to Eleventh Amendment immunity from suit under 42 U.S.C. § 1983; and (C) that the Sheriff, in his official capacity, and the Sheriff's Department are entitled to Eleventh Amendment immunity from suit under 42 U.S.C. § 1981a, so that plaintiff cannot seek compensatory damages from the Sheriff, in his official capacity, and the Sheriff's Department.

For the reasons stated below, the court, having reconsidered its earlier ruling pursuant to plaintiff's motion (A) will deny to reverse or modify its holding that the Sheriff cannot be held liable in his individual capacity under Title VII; (B)(1) will deny to re-

verse or modify its holding that the Sheriff and the Sheriff's Department are arms of the state and therefore are entitled to invoke Eleventh Amendment immunity insofar as plaintiff seeks monetary relief under § 1983; (B)(2) will reverse its holding to the extent that there was any suggestion that the Eleventh Amendment presents a bar to injunctive relief under § 1983; and (C) will reverse its holding that plaintiff is barred by the Eleventh Amendment from recovering compensatory damages from the Sheriff, in his official capacity, and the Sheriff's Department under § 1981a.

A.

Because plaintiff offers no new argument to suggest that the court's earlier analysis is mistaken, the court will not tarry long with the issue whether the Sheriff should be held individually liable under Title VII. Mainly, the court relies on the reasons stated in its Memorandum Opinion to reject plaintiff's contention that individual liability should attach. However, the court will briefly address the primary basis upon which plaintiff relies in her Motion for Reconsideration. Plaintiff analogizes the Sheriff to an employer, who is liable under Title VII (so long as he employs at least fifteen employees, § 2000e(b)). In so doing, she seeks to avoid *Birkbeck v. Marvel*, 30 F.3d 507 (4th Cir.1994), which held that under the Age Discrimination in Employment Act ("ADEA")[1] employees cannot be held individually liable. Plaintiff urges that *Birkbeck*'s reasoning only applies to mid-level managers, not employees to whose benefit final employment decisions redound. First of all, the individual employee against whom the action in *Birkbeck* was brought held the position of vice-president, arguably not merely a mid-level supervisory role. 30 F.3d at 509; *see Lane v. David P. Jacobson & Co.*, 880 F.Supp. 1091 (E.D.Va.1995) (holding that a company president could not be held individually liable under Title VII); *see also EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir.1995) (holding that owner and sole shareholder could not be held

---

1. Because of the close kinship between Title VII and the ADEA, analysis of the latter statute applies with full force to the former. *See Birkbeck*, 30 F.3d at 510.

individually liable under the Americans with Disabilities Act ("ADA")).[2] More importantly, *Birkbeck*'s reasoning cannot be so easily limited. The court in *Birkbeck* did not rest its holding on any finding that the individual employee was only a mid-level manager; rather, the court expressed concern that to permit lawsuits against individual employees would be to interfere with Congress's desire to avoid burdening employees with personal liability. *Id.* at 510 ("If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.") (quoting *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993)). This rationale applies with equal force to the case at bar. Even assuming the Sheriff shares little in common with a mid-level supervisor, and is indeed a final decision maker, he cannot be held liable in his individual capacity under Title VII. Therefore, for the reasons stated in the Memorandum Opinion and above, the court denies to reverse or modify its earlier holding that the Sheriff cannot be held individually liable under Title VII.

### B.

Once again, plaintiff produces little that has not already been considered by the court on the issue whether the Sheriff and the Sheriff's Department are alter egos of the state. The court's Memorandum Opinion answers plaintiff's contentions that Virginia lacks the requisite control over the Sheriff and the Sheriff's Department and that Virginia's Risk Management Plan is insufficient to bestow Eleventh Amendment immunity upon defendants. Because that rationale has not been in any way undermined by plaintiff's further arguments, it is sufficient simply to state that *Bockes v. Fields,* 999 F.2d 788 (4th Cir.1993), governs this inquiry, and it squarely held that a county board of social services and a county department of social services who participated in Virginia's Risk Management Plan were entitled to Eleventh Amendment immunity "because their liability to

plaintiff would be covered by an insurance plan funded by the state." 999 F.2d at 789; *id.* at 791 (stating that "[w]hen the action seeks damages that would be satisfied by state funds … no further inquiry is necessary"). In *Bockes* the Virginia Risk Management Plan paid 80% of the premiums. Here, the state funds the entire premium. *Bockes* compels the conclusion that the Sheriff and the Sheriff's Department are arms of the state. To reiterate, this holding does not prevent plaintiff from pursuing her § 1983 claim for injunctive relief against the Sheriff and the Sheriff's Department; the Eleventh Amendment only bars a claim for monetary recovery against state actors. To the extent, if any, the court's Memorandum Opinion suggested to the contrary, that Memorandum Opinion is reversed. However, for the reasons stated in the Memorandum Opinion and above, the court denies to reverse or modify its earlier holding that the Sheriff and the Sheriff's Department are arms of the state and cannot be held liable for monetary damages under § 1983 because they are entitled to Eleventh Amendment immunity.

### C.

Plaintiff maintains that she is entitled to recover compensatory damages against the Sheriff, in his official capacity, and the Sheriff's Department even if they are state actors. Defendants counter that the Eleventh Amendment shields the Sheriff and the Sheriff's Department from a claim for compensatory damages.

The starting point of this analysis must be the pertinent statutes, specifically, Title VII and § 1981a. Defendants do not dispute, nor could they, that plaintiff, should she succeed on her Title VII claim, may recover front pay, back pay, and any other equitable relief to which she is entitled pursuant to § 2000e–5(g). This is because state sovereign immunity has been abrogated by Title VII. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Title VII does not, however, permit plaintiffs to

---

**2.** The court in *AIC Security Investigations, Ltd.* explained that "no party disputes that a sole proprietor who employs more than fifteen people in his business would be held liable as an 'employer' under the ADA, even though not liable in his purely individual capacity." 55 F.3d at 1280 n. 2.

recover compensatory or punitive damages against any employers who have violated its provisions. In contrast, § 1981, which provides a cause of action for employees who have suffered racial discrimination (but not gender, sex, or religious discrimination), has been interpreted to allow recovery of compensatory and punitive damages. Section 1981a was passed by Congress in 1991 to expand the remedies available to Title VII plaintiffs and to equalize the relief available under Title VII and § 1981. H.R.Rep. No. 40(I), 102d Cong., 1st Sess. 65, 71 (1991), 1991 U.S.C.C.A.N. 549.

Section 1981a does not, however, amend Title VII; rather, § 1981a technically stands alone as a separate statutory provision. Civil Rights Act of 1991, Pub.L. No. 102–166, § 102, 105 Stat. 1072 (1991) ("The Revised Statutes are amended by inserting after section 1977 (42 U.S.C. 1981) the following new section [1981a]."). Consequently, defendants claim that Title VII's abrogation of state sovereign immunity does not extend to § 1981a. Defendants argue that § 1981a does not, by itself, abrogate state sovereign immunity, because Congress has not made absolutely clear its intention to override state sovereign immunity in the language of the statute, as it must under *Seminole Tribe of Florida v. Florida*, —— U.S. ——, ——, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996) (citations omitted).

Although, at first glance, defendants' arguments is not wholly unpersuasive, it falters when one attempts to parse § 1981a without reference to Title VII's definitional provisions. In turn, reliance on Title VII's definitional provisions brings one to the conclusion that a state violator of Title VII is liable for compensatory damages under § 1981a just as any other private Title VII defendant. Section 1981a(b) authorizes recovery of compensatory and punitive damages by any "complaining party"[3] against any "respon-

dent" who violates 42 U.S.C. §§ 2000e–2, 2000e–3, but fails to define "respondent." To determine who qualifies as a respondent, one has no recourse but to look to § 2000e–5(b), which defines "respondent" as, inter alia, an "employer." At this point one has come full circle: as defendants concede, it is beyond cavil that employers under Title VII include state employers. Therefore, § 1981a, which permits suits against respondents, allows suits against state employers as well. As another court has noted in grappling with the intersection between Title VII and § 1981a, " '[r]espondent' can only be interpreted by reference to § 2000e and, thus, to the use of the word 'employer' in the subchapter controlled by the definition of § 2000e(b)." *Sattar v. Unocal Corp.*, 829 F.Supp. 331, 333 n. 3 (N.D.Cal.1993) (holding that individual supervisor could not be held liable under Title VII or the Civil Rights Act of 1991). Defendants call this path a "twisting trail;" regardless whether this is an apt description, the twisting trail seems to be the only path. Defendants point to no other, let alone sounder, means of defining the term "respondent." Nor can a state employer be excluded from this definition in a principled way, once it is conceded that Title VII's definitional provisions apply.

Moreover, it is clear that Congress intended § 1981a to supplement, if not amend, Title VII. First, the Civil Rights Act of 1991, of which § 1981a is a part, begins by declaring its purpose to be "[t]o amend the Civil Rights Act of 1964 [Title VII] to strengthen and improve Federal civil rights laws, to provide for damages in cases of intentional employment discrimination, to clarify provisions regarding disparate impact actions. . . ." Civil Rights Act of 1991, Pub.L. No. 102–166, § 102, 105 Stat. 1071 (1991). Further, the legislative history—although surely to be accepted as reliable evidence gingerly[4]—supports an interpretation

---

**3.** A "complaining party" is defined with reference to those plaintiffs who are eligible to proceed under Title VII. § 1981a(d)(1).

**4.** Defendants direct the court's attention, ironically, to a statement by Senator Danforth himself, warning courts against the "risky business . . . [of] try[ing] to piece together . . . legislative

history . . . in interpreting the meaning of a statute." 137 Cong.Rec. S 15324–25 (daily ed. Oct. 29, 1991). The Senator endorses Justice Scalia's position on legislative history. Of course, the court cannot rely on the Senator's advice, for to do so would be to ignore the very advice he gives, specifically to beware of self-serving statements by legislators. In any event, the court

of § 1981a that includes states as parties from whom compensatory damages can be recovered. 137 Cong.Rec. S15233 (daily ed. Oct. 25, 1991) (statement of Senator Kennedy on the Danforth–Kennedy Substitute Civil Rights Act of 1991) ("[Section 1981a] permits victims to recover compensatory damages not only against private employers, but also in actions against State and local governments, or the Federal Government."); 137 Cong.Rec. S15472 (daily ed. Oct. 29, 1991) (statement of Senator Danforth) ("While compensatory damages may be awarded against federal, state, and local government agencies, punitive damages may not.").

Hence, even though Congress did not technically amend Title VII with § 1981a, § 1981a and Title VII are statutes *in pari materia* and should be construed together. Congress must have envisioned that Title VII would supply the absent but essential definition of "respondent" for § 1981a. Essentially, the argument is that a woman cannot be sort of pregnant, but a statute can be kind of an amendment. Thus, Title VII's abrogation of state sovereign immunity applies to § 1981a. Therefore, the court reverses its earlier ruling that the Eleventh Amendment bars recovery of compensatory damages, and, for the reasons stated above, holds that Eleventh Amendment immunity does not preclude plaintiff from seeking compensatory damages against the Sheriff and the Sheriff's Department.

An appropriate Order will this day issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

as follows:

(1) Having reconsidered its earlier holding that Defendant Sheriff cannot be held individually liable under Title VII, 42 U.S.C. § 2000e *et seq.* pursuant to plaintiff's Motion for Reconsideration, the court denies to reverse or modify this holding. Therefore, the relief requested pursuant thereto shall be, and it hereby is, denied.

(2) Having reconsidered its earlier holding that Defendant Sheriff and the Sheriff's Department are arms of the state and therefore are entitled to Eleventh Amendment immunity from claims for monetary damages under § 1983 pursuant to plaintiff's Motion for Reconsideration, the court denies to reverse or modify this holding. Therefore, the relief requested pursuant thereto shall be, and it hereby is, denied. Having reconsidered its earlier holding that Defendant Sheriff and the Sheriff's Department are entitled to Eleventh Amendment immunity from injunctive relief under § 1983 pursuant to plaintiff's Motion for Reconsideration, the court reverses this holding. Insofar as the court suggested that defendants were entitled to Eleventh Amendment immunity from injunctive relief, the court's Order of March 19, 1996 shall be, and it hereby is, amended to provide as follows:

(5) The defendant's motion to dismiss Count II against the Sheriff's Department and the Sheriff in his official capacity shall be, and it hereby is, granted, except insofar as plaintiff seeks only injunctive relief against the Sheriff's Department and the Sheriff in his official capacity.

(3) Having reconsidered its earlier holding that plaintiff was barred by the Eleventh Amendment from seeking compensatory damages from the Sheriff, in his official capacity, and the Sheriff's Department under § 1981a pursuant to plaintiff's Motion for Reconsideration, this court reverses this holding. The court's Order of March 19, 1996 (as amended by the court's Order of March 29, 1996) shall be, and it hereby is, amended to provide as follows:

(4) The defendant's motion to dismiss Count I against the Sheriff's Department and the Sheriff in his official capacity shall be, and it hereby is, denied.

---

notes that in the case at bar both Senator Kennedy and Senator Danforth agree that states should

be liable under § 1981a.