**Shirley WALKER, Plaintiff,**

v.

**State of TEXAS, OFFICE OF THE ATTORNEY GENERAL, Defendant.**

**No. 1:02–CV–0421.**

United States District Court, E.D. Texas, Beaumont Division.

Aug. 29, 2002.

John Robert Craddock, Barnett & Craddock LLP, Houston, TX, for plaintiff.

Peter Breece Plotts, III, Austin, TX, for defendant.

*MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL'S PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)*

SCHELL, District Judge.

This matter is before the court on the "Partial Motion to Dismiss Pursuant to Rule 12(b)(6)" filed by Defendant State of Texas, Office of the Attorney General ("Defendant") on July 23, 2002 (Dkt # 2). Plaintiff Shirley Walker ("Plaintiff") responded on August 8, 2002 (Dkt # 5). Defendant filed a reply on August 14, 2002 (Dkt # 7). Upon consideration of the Motion, the Response, the Reply, and the applicable law, the court is of the opinion that Defendant's "Partial Motion to Dismiss" should be GRANTED.

## I. BACKGROUND

Plaintiff filed this action on June 18, 2002, alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Texas Commission on Human Rights Act, Texas Labor Code § 21.001, *et. seq.* ("TCHRA"), 42 U.S.C. § 1981 and § 1981a, and common law intentional infliction of emotional distress. Pl.'s Orig. Compl. at 5. Plaintiff, an African American female, specifically alleges that Defendant, her former employer, willfully discriminated against her on the basis of race by refusing to promote her, compensating her with disparate pay during her employment, failing to eliminate a hostile and abusive work environment, and wrongfully discharging her.

Defendant argues that dismissal of the alleged violations of Section 1981 and TCHRA, and the alleged intentional infliction of emotional distress, is proper on Eleventh Amendment grounds pursuant to

Rule 12(b)(6) because the court lacks subject matter jurisdiction. Plaintiff contends that the claim under Section 1981 is proper due to Section 1981a. Plaintiff also argues that the TCHRA claim may be brought because the State of Texas has waived sovereign immunity by execution of a "Work Sharing Agreement" with the Equal Employment Opportunity Commission ("EEOC"), or TCHRA itself waives Eleventh Amendment sovereign immunity. Additionally Plaintiff argues that the claims under TCHRA and for intentional infliction of emotional distress should not be dismissed because they are part of the same case or controversy as the properly brought Title VII claim. Therefore, Plaintiff argues that this court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367.

## II. MOTION TO DISMISS STANDARD

Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." However, "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (quoting 5A Wright & Miller, Federal Procedure & Practice: Civil § 1357 at 598 (1969)).

On motion under Rule 12(b)(6), the court must follow two principles. First, the court must decide whether the facts alleged in a complaint, if true, would entitle the plaintiff to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept as true all material allegations

in the complaint as well as any reasonable inferences to be drawn from them. *See Kaiser Aluminum*, 677 F.2d at 1050. The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995). Second, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99; *Kaiser Aluminum*, 677 F.2d at 1050.

While these two principles are mandatory, the Fifth Circuit recognizes two exceptions. First, a plaintiff must allege specific facts, not conclusory allegations. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Second, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. *Kaiser Aluminum*, 677 F.2d at 1050.

## III. ANALYSIS

### A. *42 U.S.C. § 1981*

■ Despite its express language,[1] it is well established that the Eleventh Amendment bars a federal court from "entertain[ing] a suit brought by a citizen against his own State." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). A suit may be

---

1. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

brought against a state if either that state has waived its sovereign immunity and consented to suit in federal court or Congress has properly abrogated the state's sovereign immunity through the Fourteenth Amendment. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981). In *Sessions*, the Fifth Circuit barred a plaintiff's Section 1981 employment discrimination action against a state hospital. The court ruled that the hospital was an arm of the state, and that Section 1981 did not abrogate the state's Eleventh Amendment sovereign immunity: "[u]nlike Title VII, Section 1981 contains no congressional waiver of the state's eleventh amendment immunity." *Id.* The facts in the instant case do not present a distinguishable situation. The Office of the Attorney General is an arm of the state entitled to sovereign immunity. *See* Tex. Const. art. IV, § 22. Therefore, the court is without jurisdiction to hear Plaintiff's Section 1981 claim against the state of Texas. *See also Loya v. Tex. Dep't of Corrections*, 878 F.2d 860, 861–862 (5th Cir.1989) (holding that the department of corrections was entitled to Eleventh Amendment immunity from suit under Section 1981).

■ While conceding that Defendant is immune from suit under Section 1981, Plaintiff asserts a separate cause of action under Section 1981a. Pl.'s Resp. to Def.'s Part. Mot. to Dismiss at 1. Reliance on Section 1981a is misguided. Section 1981a merely expands the remedies available to a Title VII claimant. *Blankenship v. Warren County, Va.*, 931 F.Supp. 447, 449–451 (W.D.Va.1996). It does not somehow revive a Section 1981 claim that this court is barred from hearing by the Eleventh Amendment. Defendant has made no attempt to dismiss the Title VII claim; therefore, at this time it is unnecessary for the court to discuss the remedies available to Plaintiff under Section 1981a as a Title VII claimant.

## B. *TCHRA*

Sovereign immunity is not an absolute bar to federal court jurisdiction. A state may consent to suit against it. *Pennhurst*, 465 U.S. at 99, 104 S.Ct. 900. That consent by a state to federal jurisdiction must be "unequivocally expressed." *Id.* To waive Eleventh Amendment immunity, a federal court requires the state to specifically indicate that it intends to subject itself to federal jurisdiction. *Ross v. Tex. Dep't of Criminal Justice*, 2001 WL 1335873, at *4 (N.D.Tex.2001) (citing *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 306, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990)).

In the instant case, Plaintiff offers three avenues for the court to find Texas' waiver of Eleventh Amendment immunity: (1) the "Work Sharing Agreement" between the Texas Commission on Human Rights ("TCHR") and the EEOC; (2) the use of Title VII to interpret TCHRA; and (3) supplemental jurisdiction under 28 U.S.C. § 1367. *See* Pl.'s Resp. to Def.'s Part. Mot. to Dismiss at 2–23.

■ After reviewing the "Work Sharing Agreement," the court is unable to find any waiver of sovereign immunity by the State of Texas. *See id.*, Ex. A. By agreeing that a state agency, the TCHR, and a federal agency, the EEOC, share jurisdiction to investigate allegations of employment discrimination, it does not logically, or legally, follow that the State of Texas has consented to suit in federal court.

■ Similarly, use of analogous federal law to interpret TCHRA does not constitute an express waiver of the Eleventh Amendment. Consent to suit against a state must be "unequivocal". *Pennhurst*, 465 U.S. at 99, 104 S.Ct. 900. While

TCHRA does authorize a suit against the State of Texas in state court, it does not authorize a suit against the State of Texas in federal court. *Shaboon v. Duncan,* 1998 WL 1782542, at \*3 (W.D.Tex.1998); *Ross,* 2001 WL 1335873, at \*4. "A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts." *Sherwinski v. Peterson,* 98 F.3d 849, 851–852 (5th Cir. 1996) (citing *Welch v. Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 473–474, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987)). *See also Magnolia Venture Capital Corp. v. Prudential Sec.,* 151 F.3d 439, 443 (5th Cir.1998) (differentiating between waiving common law immunity to suit in its own courts and waiving Eleventh Amendment immunity to suit in federal court).

■ Plaintiff may not use supplemental jurisdiction under 28 U.S.C. § 1367 to establish jurisdiction over a state law claim that is barred by the Eleventh Amendment. *County of Oneida v. Oneida Indian Nation,* 470 U.S. 226, 251, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985). While normally Plaintiff's Title VII claim would allow the court to hear state claims arising from the same case or controversy, supplemental jurisdiction under Section 1367 does not override the Constitution: "The Eleventh Amendment forecloses, however, the application of normal principles of ancillary and pendent jurisdiction where claims are pressed against the state." *Id. See also Watson v. Texas,* 261 F.3d 436, 440 n. 5 (5th Cir.2001) ("[T]he presence of supplemental jurisdiction does not eliminate an Eleventh Amendment bar.").

C. *Intentional Infliction of Emotional Distress*

On its face, Plaintiff's intentional infliction of emotional distress claim shows that it is barred by sovereign immunity. The State of Texas has not waived sovereign immunity for intentional torts. TEX. CIV. PRAC. & REM.CODE § 101.57(2). This court has recently recognized the state government's entitlement to immunity in an action for intentional infliction of emotional distress. *Hutchison v. Brookshire Bros., Ltd.,* 205 F.Supp.2d 629, 642 (E.D.Tex. 2002). As explained earlier, supplemental jurisdiction based on the Title VII claim may not be used to abrogate the sovereign immunity given to the State of Texas in the Eleventh Amendment. The court can find no exception in the instant case.

## IV. CONCLUSION

After considering the arguments of the parties and the applicable law, the court concludes that Defendant's "Partial Motion to Dismiss" should be GRANTED in its entirety. Consequently, Plaintiff's Section 1981, TCHRA, and intentional infliction of emotional distress claims are hereby DISMISSED.