Mary HICKS, et al., Plaintiffs,

v.

Avery PHIPPS, et al., Defendants.

Civ. A. No. 88–0058–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Feb. 5, 1990.

Thomas C. Antenucci and Nancyjean Bradford, Abingdon, Va., Robert M. Galumbeck, Tazewell, Va., and Susan D. Oglebay, Damascus, Va., for plaintiffs.

Donald G. Baker, Clintwood, Va., John M. Farmer, Norton, Va., Terry G. Kilgore, Gate City, Va., and Henry S. Keuling-Stout, Big Stone Gap, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

The plaintiff, Mary Hicks, a former employee in the office of the Dickenson County, Virginia Commissioner of the Revenue, brought suit against the incumbent Commissioner, Ralph Vanover, after he failed to rehire her when he took office on January 1, 1988. Specifically, she alleges that she lost her job because she is a Democrat and that Mr. Vanover, a Republican, did not want her because of her political affiliation. Mrs. Hicks is seeking a temporary and a permanent injunction returning her job, back pay, and compensatory and puni-

tive damages. The court has heard testimony from the parties. The case is now before the court on cross motions for summary judgment.

■ On a motion for summary judgment, the moving party is entitled to judgment as a matter of law where the non-moving party has filed to make a sufficient showing of an essential element of his case on which he has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a). *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *see also Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967 (1944). Rule 50(a) requires the trial judge to direct a verdict if, under controlling law, there can be only one reasonable conclusion as to the verdict. *Brady v. Southern R. Co.,* 320 U.S. 476, 479–80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). *Cf. Wilkerson v. McCarthy,* 336 U.S. 53, 62, 69 S.Ct. 413, 417, 93 L.Ed. 497 (1949) (where reasonable minds could differ as to the interpretation of evidence, verdict should not be directed). Of course, the standard under Rule 56 requires more than "the mere existence of *some* alleged factual dispute between the parties; there must be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–8, 106 S.Ct. at 2510 (emphasis in original).

This case is part of a larger lawsuit involving various former employees of the Dickenson County government, including the Sheriff's Department and the Board of Supervisors. The general political background is given in this court's opinion in *Wright v. Phipps,* 765 F.Supp. 1544, and will not be repeated here.

The specific evidence applicable to Mrs. Hicks' case emerged from her testimony, Ralph Vanover's testimony, and the testimony of Charlotte Rose, another employee in the Commissioner's office.

Mrs. Hicks testified that she started in the Commissioner of the Revenue's office as a part time employee in January of 1984 and became a full time employee that May when a position opened up. She was not officially sworn in as a deputy clerk until the summer of 1987, but she testified that her duties did not change. She was basically a secretary-receptionist, and would help members of the public who were having difficulties with their tax returns. She would also answer correspondence and prepare tax returns to be sent to the state for further processing.

During the entire time of her employment, the Commissioner of the Revenue was James O'Quinn, a Democrat. Commissioner O'Quinn did not seek re-election, and in the August 1987 election Ralph Vanover, a Republican, was elected to the position for a four year term. Mrs. Hicks testified that she only learned that a new person would be taking her job when the Commissioner-elect visited the office towards the end of December 1987 and told the employees that he had hired new people. She had never seen or heard that the Commissioner-elect was seeking applications; therefore, she had not submitted one. Her last day of work was December 31, 1987.

Ralph Vanover testified that at no time before, during or after his campaign for Commissioner of the Revenue did he make any effort to find out what kind of job the incumbent Commissioner's staff was doing. He confirmed that he never advertised for applications, saying that he did not think that was a requirement. He claimed not to know the politics of the four employees he hired—"I can make assumptions that they supported me, but beyond that, you know, I couldn't say if they were staunch Republicans or not"—but admitted that two of them had served under a previous Republican Commissioner. On cross-examination, he stated: "The people that I hired, I think for the most part, could be identified as people who expressed to me or wore my bumper stickers or something, and as I said [I hired] my brother-in-law and I assume he supported me."

■ The U.S. Supreme Court case of *Elrod v. Burns,* 427 U.S. 347, 372, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976), clearly

established that a nonpolicymaking, non-confidential public employee cannot be discharged because of his political affiliation. *See also Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), in which the court added:

> [The] ultimate inquiry is not whether the label "policymaker" or "confidential" fits a particular position; rather the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved.

*Id.* at 518, 100 S.Ct. at 1295.

The Fourth Circuit has put the test this way: "A public official may not be discharged solely for reasons of patronage unless the employer can demonstrate that party affiliation is necessary for effective job performance." *McConnell v. Adams,* 829 F.2d 1319, 1323 (4th Cir.1987), *cert. den. sub nom. Virginia ex rel. State Bd. of Elections v. Kilgore,* 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988).

The undisputed evidence in this case is that Commissioner Vanover replaced every member of his Democratic predecessor's staff with his own supporters, or people whom he had reason to believe had supported him. The duties performed by Mrs. Hicks were that of a secretary, receptionist, and income tax adviser. None of these things requires any particular political affiliation in order to be performed properly. Therefore, the conclusion is inescapable that she lost her job for pure patronage reasons.[1]

Commissioner Vanover points to the Virginia statute governing appointments of deputies by Revenue Commissioners, Va. Code Ann. § 15.1–48 (1989), which states in part that "any Commissioner of the Revenue ... may at the time he qualified ... or thereafter appoint one or more depu-

ties...." The Fourth Circuit concluded in *McConnell v. Adams,* however, that the *Branti* prohibition on patronage dismissals also governs patronage failures to reappoint, 829 F.2d at 1323–34, quoting the Supreme Court's statement in *Branti* that "it is clear that the lack of a reasonable expectation of continued employment is not sufficient to justify a dismissal based solely on an employee's private political beliefs." 445 U.S. at 512, n. 6, 100 S.Ct. at 1291, n. 6. This conclusion is in accord with this court's ruling in *Whited v. Fields,* 581 F.Supp. 1444, 1457 (W.D.Va.1984).

On the question of the relief sought by Mrs. Hicks, the situation is not quite so cut and dried. Public officials have qualified immunity under the rule of *Harlow v. Fitzgerald,* 457 U.S. 800, 815–16, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982), in the performance of discretionary functions when the action does not violate clearly established statutory or constitutional rights of which the official knows or should be aware. *Bright v. McClure,* 865 F.2d 623, 625 (4th Cir.1989).

> ... [The] judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct previously indentified as unlawful.

*Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

In *Mitchell v. Forsyth,* 472 U.S. 511, 534–5, 105 S.Ct. 2806, 2820, 86 L.Ed.2d 411 (1985) the Supreme Court concluded that public officials are not responsible for anticipating the extension of legal principles or constitutional rights. The case was

---

**1.** It is insisted on behalf of Vanover that Mrs. Hicks was an inefficient employee who spent too much time making personal phone calls and chatting with other people in the courthouse. This emerged from the testimony of Charlotte Rose, another employee of Commissioner O'Quinn, who also said that Mrs. Hicks brought a phone from home and installed it in the office so that she would have one at her desk, then

removed it on her last day of work. There was also some controversy about the number of days she missed work. These matters, however, were totally unknown to the Commissioner-elect at the time he made his hiring decisions, and are therefore irrelevant to the issue of whether patronage was the reason Mrs. Hicks was not kept on.

brought against former Attorney General John Mitchell by an individual whose telephone conversations had been monitored by a warrantless FBI wiretap authorized by the Attorney General. The Court found that at the time the wiretap had been authorized, warrantless wiretaps for reasons of domestic security had been approved by the previous six administrations, *id.*, and therefore found that Mitchell had qualified immunity. *Id.* at 535, 105 S.Ct. at 2820.

In this case, it is clear that the practice of new Commissioners of the Revenue in Dickenson County making patronage appointments of office staff has an equally long pedigree. Ralph Vanover testified that two of the people he hired had been in the Commissioner's office under Commissioner O'Quinn's Republican predecessor. Charlotte Rose, a Democrat who worked for O'Quinn, when asked why she did not apply to keep her job under Ralph Vanover, said, "... I felt like that, you know, when I worked there I took somebody's job.... And then when Mr. O'Quinn hired me, I felt like, you know, I was just hired for his term, you know. If he, you know, if he was still Commissioner, I would, I hoped I would still have my job."

Mrs. Hicks admitted that when Ralph Vanover was elected she realized that there was "a possibility" that she would lose her job, and had actually taken an orientation course for another job in October of 1987.

No case has been cited to the court where it was ruled that a Commissioner of the Revenue's office, either in Virginia or elsewhere, is subject to the no-political-dismissal rule of *Elrod* and *Branti*, nor has the court's own investigation revealed such a case. While it would be possible to argue that Commissioner Vanover should have been aware that his office was analogous to the sheriff's office which this court found to be partially subject to *Elrod* in *Whited v. Fields*, 581 F.Supp. at 1457, in 1984, and with the triumvirate of Registrar cases [2] decided by Judge Kiser in 1985 and 1986, none of these cases provides a strict analogy to a Commissioner of the Revenue's office. Moreover, the Registrar

cases were on appeal to the Fourth Circuit in 1987, and its opinion was not issued until October 1, 1987, with motions for rehearing and rehearing *en banc* pending until November 19, 1987. *See McConnell v. Adams* 829 F.2d at 1320.

From all of these factors, the court finds that Ralph Vanover was unaware of the *Branti–Elrod* rule at the time he made his hiring decisions, and that the application of the rule to Commissioners of the Revenue was not clearly established at the time. Therefore, Vanover is entitled to qualified immunity from Mrs. Hicks' claim for civil damages.

■ Likewise, the action against Vanover in his official capacity as an officer of the state is in effect one against the Commonwealth of Virginia, and since the states have Eleventh Amendment immunity from actions for civil damages, *see, e.g., Bright v. McClure*, 865 F.2d at 626, and Virginia has done nothing to waive its immunity, summary judgment will be granted to Vanover on this issue.

■ There is nothing, however, to bar Mrs. Hicks' request for an injunction returning her to her job. Although the Eleventh Amendment will bar the recovery of back pay, a permanent injunction will enter forthwith restoring Mrs. Hicks to her previous position in the Dickenson County Commissioner of the Revenue's office.

---

**2.** *Kilgore v. McConnell*, 637 F.Supp. 1241 (W.D. Va.1985); *Burchett v. Cheek*, 637 F.Supp. 1249 (W.D.Va.1985); *Kilgore v. McClelland*, 637 F.Supp. 1253 (W.D.Va.1986).