Ossama **HUSSEIN** and Ronnie
L. **Jones**, Plaintiffs,

v.

Harold L. **MILLER**, Individually and as Commissioner of the Revenue and Office of the Commissioner of the Revenue, City of Falls Church, Defendants.

No. CIV.A. 02–1152–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 25, 2002.

**654**

Philip J. Simon, Esquire, Heller, Huron, Chertkof, Lerner, Simon & Salzman, Washington, DC, for Plaintiffs.

Ronald Nicholas Regnery, Christian & Barton, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

LEE, District Judge.

THIS Matter is before the Court on Defendants', Harold L. Miller and the Office of the Commissioner of the Revenue, City of Falls Church ("Defendants"), Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Plaintiffs are employees of the Commissioner of the Revenue for the City of Falls Church (the "Commissioner"), and they allege that they were subjected to racial discrimination and were fired in retaliation for filing complaints. Defendants contend that, as Virginia constitutional officers, they are immune from suit under the Eleventh Amendment, and tangential-

ly, that Plaintiffs' claims against the Office of the Commissioner of the Revenue (the "Office") must be dismissed because "there is no such governmental entity known as the 'Office of the Commissioner of the Revenue, City of Falls Church.'" (Defs.' Mem. Supp. Mot. Dismiss at 2). The issue before the Court is whether the Commissioner of the Revenue for the City of Falls Church is entitled to Eleventh Amendment immunity. More precisely, the issue is whether a suit against the Commissioner of the Revenue is a suit against a local entity or a suit against the Commonwealth.

Upon consideration of the parties' pleadings, the relevant provisions of the Virginia Code and the Virginia Constitution, and binding case law, the Court holds that the Commissioner of the Revenue for the City of Falls Church is protected by sovereign immunity from claims against him in an official capacity, because any adverse judgment against the Commissioner would be paid in full by the State treasury, and because Commissioners of Revenue are not local officers; rather they are constitutional officers. As such, claims against constitutional officers are essentially claims against the Commonwealth of Virginia, and the Commonwealth has not waived Eleventh Amendment immunity. Therefore, Plaintiffs' claims against the Commissioner in his official capacity are dismissed. For the reasons that follow, the Court also dismisses all claims against the Office of the Commissioner of the Revenue for the City of Falls Church.

## I. FACTS

Plaintiffs, two employees of the Commissioner, allege that Defendant Harold Miller, former Commissioner of the Revenue for the City of Falls Church, made racist comments about Arab–Americans on September 12, 2001, after the terrorist attacks on the United States. Plaintiffs made a formal complaint about former Commissioner Miller to Daniel McKeever, City Manager for Falls Church, and Roy Thorpe, Falls Church's City Attorney. Both McKeever and Thorpe notified Defendant Miller about the complaints lodged against him by Plaintiffs. On September 24, 2001, Defendant terminated Plaintiffs. Plaintiffs assert that they were fired in retaliation for their complaints against former Commissioner Miller.

Plaintiffs' counsel contacted former Commissioner Miller's attorney and notified him that a lawsuit would be filed unless both employees were reinstated immediately. Thereafter, Miller agreed to mediate the dispute, which occurred on December 19, 2001. By that time, a new Commissioner had been elected, Tom Clinton, and he agreed to reinstate Plaintiffs to active duty when he took office on January 2, 2002. Plaintiffs were reinstated. However, Plaintiffs allege that all disputes were not resolved during the mediation on December 19, 2001, so Plaintiffs filed the instant action on August 5, 2002. In response, Defendants filed the Motion to Dismiss that is currently before the Court.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss—Lack of Subject Matter Jurisdiction

■■■■ Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the Court lacks jurisdiction over the subject matter of the action. A motion to dismiss for lack of subject matter jurisdiction questions the Court's "power to act." *Nelson v. USPS*, 189 F.Supp.2d 450, 454 (W.D.Va.2002). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, and when the Defendant challenges the Court's subject matter jurisdiction, as is the case here, then " 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the pro-

ceeding to one for summary judgment.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991)). A court should only grant a 12(b)(1) motion to dismiss "'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Nelson,* 189 F.Supp.2d at 454 (quoting *Richmond, Fredericksburg & Potomac R. Co.,* 945 F.2d at 768).

### B. Motion to Dismiss—Failure to State a Claim

■ Federal Rule of Civil Procedure 12(b)(6) allows defendant to move for dismissal when plaintiff's complaint fails to "state a claim upon which relief may be granted." When the Court is deciding a 12(b)(6) motion, it should "accept as true all wellplead allegations of the complaint and view the complaint in the light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). The Court should only grant a 12(b)(6) motion to dismiss "if it appears to a certainty that the plaintiff cannot prove any set of facts in support of its claim that would entitle the plaintiff to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III. APPLICATION

■ As previously stated, the court must determine whether the claims asserted against the Defendants are claims against a local entity, or whether they are claims essentially against the state, and prohibited by sovereign immunity. "'In order to determine whether a suit against a state agency is in reality a suit against the state, the court must examine the particular entity in question and its powers and characteristics as created by state law.'" *Collin v. Rector and Bd. of Visitors of Univ. of Va.,* 873 F.Supp. 1008, 1013 (W.D.Va.1995) (quoting *Muhammed v. Bd. of Supervisors of S. Univ.,* 715

F.Supp. 732, 733 (M.D.La.1989) (internal citations omitted)). However, before discussing the characteristics of the Commissioner of the Revenue for the City of Falls Church, the Court will briefly address Defendants' argument that Plaintiffs have sued a non-existent entity in their Complaint.

■ Defendants argue that the second-named defendant, the "Office of the Commissioner of the Revenue, City of Falls Church," does not exist. As a result, Defendants assert that all claims against the Office should be dismissed. The Virginia Code confers duties and responsibilities on the "Commissioner of Revenue," not on an "office" of the Commissioner of Revenue. *See* Va.Code § 58.1–3101 *et seq.,* and § 15.2–1636 for the duties and responsibilities of the Commissioner of the Revenue. Because Virginia law requires a *person* to be elected to serve and bear the responsibilities of the Commissioner of Revenue, the *Office* of the Commissioner of the Revenue does not exist. Plaintiffs in this case are employees of the Commissioner of the Revenue for the City of Falls Church; not of the Office of the Commissioner of the Revenue for the City of Falls Church. Plaintiffs, therefore, have sued a non-existent entity. Accordingly, the Court dismisses all claims against the Office of the Commissioner of the Revenue for the City of Falls Church. Now, the Court addresses whether the remaining Defendant, Harold L. Miller, is entitled to sovereign immunity in his official capacity.

### A. Eleventh Amendment Immunity for Commissioner of the Revenue

The Eleventh Amendment provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State." U.S. Const. amend. XI. The doctrine of sovereign immunity grew out of this amendment. The Supreme Court has "extended the plain meaning (of the Eleventh Amendment) to lawsuits brought by private citizens against their own state." *Shepard,* 204 F.Supp.2d at 911–12 (quoting *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)) (internal citations omitted).

As previously stated, in order to determine whether sovereign immunity applies to a particular entity, the Court must analyze the characteristics of that entity. Article VII of the Virginia Constitution, which focuses exclusively on Local Government, addresses the Commissioner of the Revenue. In particular, § 4 of Article VII, entitled "County and city officers," calls for the election of a Commissioner of Revenue. Among the duties and responsibilities of a Commissioner of Revenue is the duty to "produce a proper assessment [of taxes] that passes constitutional muster." *Am. Woodmark Corp. v. City of Winchester, et al.,* 1995 WL 1055862 at *16 (Va. Cir. Ct. May 12, 1995), *aff'd,* 252 Va. 98, 471 S.E.2d 495 (1996) (quoting *Talley v. Virginia.,* 127 Va. 516, 103 S.E. 612 (1920)). A synopsis of the Commissioner's duties is summarized as follows:

> Section 58.1–3109 (1) and (2) of the [Virginia] Code charges each Commissioner of Revenue with the duty to assess license taxes. In general, each Commissioner of Revenue is granted the power to require that information be furnished to him, to require that books and records be made available to him (Va.Code § 58.1–3109(6)) and to summon witnesses to answer questions under oath which touch upon tax liability (Va.Code § 58.1–3110). His jurisdiction, however, does not extend beyond the boundaries of the County or city for which he is the Commissioner of Revenue. Va.Code § 58.1–3102. The Com-

> missioner is empowered to correct his assessment and to certify to the town, city or County, with the consent of its attorney, any overpayment, whereupon the governing body of the city or County is required to direct the payment of a refund. Va.Code § 58.1–3981.

*Am. Woodmark Corp.,* 1995 WL 1055862 at *16. Even though the jurisdiction of the Commissioner is limited to the boundaries of the county or city over which he presides, "deputies appointed by constitutional officers pursuant to Virginia Code § 15.2–1603 are *not* employees of the local governing body." *Williams v. McDonald,* 69 F.Supp.2d 795, 800 (E.D.Va.1999) (emphasis added). Therefore, if deputies appointed by constitutional officers are not employees of the local governing body, it would stand to reason that the constitutional officers who appointed those deputies are, likewise, not employees of the local governing body, but of the State. Additionally, as constitutional officers, Commissioners of Revenue have the "power to organize their offices and to appoint such deputies, assistants and other individuals as are authorized by law...." Va. Code § 15.2–1601(B).

Ordinarily, entities of local government are not afforded protection from suit by sovereign immunity. *See Bd. of Tr. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 369, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)(quoting *Lincoln Co. v. Luning,* 133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766 (1890)); *Cash v. Granville County Bd. of Educ.,* 242 F.3d 219, 222 (4th Cir.2001) ("Eleventh Amendment does not extend its immunity to units of local government.") (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). However, Defendant Miller claims that he is entitled to Eleventh Amendment immunity, as former Commissioner of Revenue, for two reasons. First, Miller contends that, because

any recovery would be paid in full from the State's Treasury, he is entitled to Eleventh Amendment immunity. Second, Miller asserts that the Commissioner of Revenue is a constitutional officer and is entitled to sovereign immunity. The Court will address each of Miller's arguments in turn.

### 1. Does State Liability Create Eleventh Amendment Immunity?

Several courts have addressed this issue and held that where states are liable to pay judgments for suits against entities, the entity is encompassed within sovereign immunity. For example, the Fourth Circuit held that because a county board of social services and a department of social services participated in Virginia's Risk Management Plan ("VaRisk"), those entities were entitled to Eleventh Amendment immunity "because their liability to plaintiff would be covered by an insurance plan funded by the state." *Bockes v. Fields*, 999 F.2d 788, 789 (4th Cir.1993). The Court in *Bockes* went on to hold that " '[w]hen the action seeks damages that would be satisfied by state funds ... no further inquiry is necessary.' " *Id.* at 791. The facts in *Bockes* demonstrate that the VaRisk program paid 80% of the premiums. In the instant action, however, the Commonwealth funds the entire premium, which, according to Beckes, compels the conclusion that the Commissioner of the Revenue would be entitled to immunity.

However, in 1997, the Supreme Court was asked to address the narrow issue of "whether the fact that the Federal Government has agreed to indemnify a state instrumentality against the costs of litigation ... divests the state agency of Eleventh Amendment immunity." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 426, 117 S.Ct. 900, 137 L.Ed.2d 55. The Court held that the state agency was not divested of sovereign immunity because it would be indemnified by the federal government. In reaching this conclusion, the Court paid particular attention to the "entity's potential legal liability, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability ...." *Id. at* 431, 117 S.Ct. 900. In so holding, the Court "inquired into the relationship between the State and the entity in question ... and ... focused on the 'nature of the entity created by state law' to determine whether it should 'be treated as an arm of the State.'" *Id.* at 429–430, 117 S.Ct. 900 (quoting *Mt. Healthy*, 429 U.S. at 280, 97 S.Ct. 568). The Court further noted that "whether a money judgment against a state instrumentality or official would be enforceable against the State is of considerable importance to any evaluation of the relationship between the State and the entity ... being sued." *Doe* at 430, 117 S.Ct. 900. *See Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30 45–51, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994). The Court in *Doe* ultimately concluded that "none of the reasoning in our opinions lends support the the notion that the presence or absence of a third party's undertaking to indemnify the agency should determine whether it is the kind of entity that should be treated as an arm of the State." *Doe*, 519 U.S. at 430, 117 S.Ct. 900. Nonetheless, the Court held that the State was still protected from the "risk of adverse judgments even though the State may be indemnified by a third party." *Id.* at 431, 117 S.Ct. 900.

■ Accordingly, the law remains that, where the State is responsible to pay a judgment against one of its officers who is sued in an official capacity, the State becomes the true party in interest in the action, and the State is protected by sovereign immunity, unless it waives that immunity, which Virginia has not expressly done in this case. Despite Plaintiffs' arguments to the contrary, the Court's reasoning in *Sales v. Grant*, 224 F.3d 293, 297 (4th

Cir.2000), does not change this principle. In *Sales,* the Court held that state employees who were sued in their *individual capacity* were not entitled to Eleventh Amendment immunity, despite the fact that any monetary judgment against them would be paid out of a state-funded insurance plan. *Id.* The Court held that a " 'state cannot manufacture immunity for its employees simply by volunteering to indemnify them . . . [A] state's decision to indemnify its employees does not transform a suit against individual defendants into a suit against the sovereign.' " *Id.* (quoting *Benning v. Bd. of Regents of Regency Univs.,* 928 F.2d 775, 778–79 (7th Cir.1991)).

The case *sub judice* is distinguishable from the facts presented in *Sales,* because Defendants assert immunity for claims against Defendant Miller in his official capacity only, not for claims against him individually. Therefore, the analysis in *Sales* does not apply; rather, the analysis in *Bockes* and, most recently, in *Cash v. Granville County Board of Education,* 242 F.3d 219 (4th Cir.2001) does apply. *Cash* states that when "the State treasury will be called upon to pay a judgment against a governmental entity, then Eleventh Amendment immunity applies to that entity, and consideration of any other factor [affecting whether an entity is an arm of the state] becomes unnecessary." 242 F.3d at 223. The Fourth Circuit held in Bockes, 999 F.2d at 790, that "[i]t is also well established that [Eleventh Amendment] immunity extends to state agencies and officials, when a monetary judgment against them would be paid from the state treasury." Moreover, the Supreme Court stated that " the vulnerability of the State's purse [is] the most salient factor in Eleventh Amendment determinations." *Hess,* 513 U.S. at 39, 115 S.Ct. 394.

■ In this case, the Virginia Treasury would be responsible to pay, in full, a judgment for Plaintiffs because the Commissioner of the Revenue for the City of Falls Church participates in a state-funded insurance plan. Virginia has created a Constitutional Officers Risk Management Plan ("VaRisk" or the "Plan"), as previously mentioned. See Va Code § 2.2–1839 (Michie 2002). The Plan, a "self-insured plan covering constitutional officers of Virginia," is voluntary, "and is administered by the Division of Risk Management" ("DRM"). (Defs.'Mem. Supp. Mot. to Dismiss at 5). The Commissioner of the Revenue for the City of Falls Church has elected to participate in the Plan, which covers, in addition to the Commissioner, individual deputies and other employees within the office. Because Plaintiffs sued Defendant as former Commissioner of the Revenue, and because Virginia would pay any adverse judgment against the Commissioner in full, Defendant Miller is protected by Eleventh Amendment immunity.

### 2. Eleventh Amendment Immunity for Constitutional Officers

Defendant Miller's second argument in support of sovereign immunity is that the Commissioner of Revenue is not a local officer, but a constitutional officer, and constitutional officers are shielded from suit by the Eleventh Amendment. As the Virginia Supreme Court held, "commissioners of revenue do not hold their offices by virtue of authority of the General Assembly or by virtue of authority of a municipality or county." *Hilton v. Amburgey,* 198 Va. 727, 96 S.E.2d 151, 152 (1957). Instead, Commissioners "hold their offices by virtue of § 110 of the [Virginia] constitution." *Id.*

Because Commissioners hold their office by virtue of the Virginia constitution, they serve as constitutional officers, who are treated differently than local officers, in terms of sovereign immunity. Constitu-

tional officers are state officials, who are immune from suit for acts done in their official capacity. *See McConnell v. Adams*, 829 F.2d 1319, 1328 (4th Cir.1987) (holding that "official-capacity" suits are essentially suits against the governmental entity); *Brown v. Brown*, 2000 U.S. Dist. LEXIS 21002 at *5–6 (W.D.Va. Feb. 18, 2000)(holding that Sheriffs are constitutional officers, and therefore, officers of the state; accordingly, "[a]ctions for damages against state officials in their official capacity are regarded as actions against the state, and are therefore barred under the Eleventh Amendment") (quoting *Cory v. White*, 457 U.S. 85, 90, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982)).

Likewise, several other courts have held that Commissioners of the Revenue are constitutional officers and that they are immune from suit. *See Amburgey*, 96 S.E.2d at 152–53 (holding that Commissioners of Revenue are constitutional officers); *McGinnis v. Nelson County*, 146 Va. 170, 135 S.E. 696, 697 (1926)(same). In addition to holding that Commissioners of Revenue are constitutional officers, courts have already held that they are entitled to Eleventh Amendment sovereign immunity. For example, in *Hicks v. Phipps*, 765 F.Supp. 1541 (W.D.Va.1990), a former employee sued the incumbent Commissioner of the Revenue, in his official capacity, for not rehiring Plaintiff when the Commissioner took office. In ruling on the parties' cross motions for summary judgment, the Court held that the suit against the Commissioner was barred because the Commissioner was protected by the Eleventh Amendment from claims against him in his official capacity. The Court opined that the action against the Commissioner was one against an officer of the state in his official capacity and, therefore, an action against Virginia. "[S]ince the states have Eleventh Amendment immunity from actions for civil damages ... and Virginia has done

nothing to waive its immunity..." the court granted Defendants' motion for summary judgment. *Id.* at 1544. *See also Blankenship v. Warren Co.*, 918 F.Supp. 970, 974 (W.D.Va.1996) ("Courts have concluded that Eleventh Amendment immunity attaches to other constitutionally-created independent entities in Virginia's governmental structure."). The Court in *Blankenship* went on to note that, "the Virginia Constitution creates five state officers which are charged with performing quintessential functions of state government: Commonwealth's Attorney, Treasurer, *Commissioner of Revenue*, Sheriff, and Clerk of the Court." *Id.* at 974 n. 4. (Emphasis added).

■ Accordingly, the Court holds that the Commissioner of Revenue is a Virginia constitutional officer and entitled to immunity pursuant to the Eleventh Amendment. Therefore, former Commissioner Miller is immune from suit for claims against him in his official capacity, because the State would be liable to pay any adverse judgment against him in his official capacity, and because the Commissioner of Revenue is a constitutional officer of the Commonwealth of Virginia.

In conclusion, because it appears beyond a doubt that recovery would be impossible under any set of facts which could be proven by Plaintiffs, the Court grants Defendants' Motion to Dismiss because Plaintiffs have failed to state a claim upon which relief may be granted. The Court does not address the issue of qualified immunity because neither party briefed the issue in their pleadings.

Accordingly, it is hereby

ORDERED that all claims against Defendant Office of the Commissioner of the Revenue, City of Falls Church are DISMISSED, as such an entity does not exist. It is further

ORDERED that Defendants' Motion to Dismiss is GRANTED, with respect to all claims against Defendant Harold L. Miller as Commissioner of the Revenue for the City of Falls Church. It is further

ORDERED that all claims against Defendant Harold L. Miller individually REMAIN.

The Clerk is directed to forward a copy of this Order to counsel of record.