**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1987**

_____

CHARLES RAYMOND NOEL; JACOB RALPH NOEL, individually and as
personal representative of the estate of Cheryl Lynn Noel;
RAMONA SCHWEIGER, to the use of Matthew Noel,

Plaintiffs – Appellees,

v.

CARLOS ARTSON, Officer, Badge No. 3836; DAVID SWEREN,
Officer, Badge #3794; MICHAEL GIDDINGS, Officer, Badge
#3305; MARK CRUMP, Sergeant, Badge #3389; ROBERT M.
GIBBONS, Sergeant, Badge #3904; BALTIMORE COUNTY, MARYLAND,

Defendants – Appellants.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William M. Nickerson, Senior District
Judge. (1:06-cv-02069-WMN)

_____

Argued: September 23, 2008      Decided: October 22, 2008

_____

Before WILLIAMS, Chief Judge, WILKINSON, Circuit Judge, and
Richard L. VOORHEES, United States District Judge for the
Western District of North Carolina, sitting by designation.

_____

Dismissed by unpublished per curiam opinion.

_____

**ARGUED:** Paul M. Mayhew, BALTIMORE COUNTY OFFICE OF LAW, Towson,
Maryland, for Appellants. Terrell N. Roberts, III, ROBERTS &
WOOD, Riverdale, Maryland, for Appellees. **ON BRIEF:** John E.
Beverungen, County Attorney, BALTIMORE COUNTY OFFICE OF LAW,

Towson, Maryland, for Appellants. Robert G. Landolt, Columbia, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Officer Carlos Artson and his co-defendants ("defendants") appeal the district court's denial of qualified immunity in a § 1983 action against them. We agree with plaintiffs that defendants failed to properly raise their defense of qualified immunity before the district court, and therefore dismiss the appeal.

I.

At 4:30 a.m. on January 21, 2005, defendants, members of the Baltimore County Police Department, executed a warrant at the home of Cheryl and Charles Noel. Defendants had obtained the warrant after finding evidence of personal drug use in trash cans behind the Noel home. On the morning of the raid, defendants opted to execute a "no-knock" entry because several residents had prior criminal histories and two of the residents owned registered handguns.

After breaking down the front door and detonating a flash-bang grenade, seven officers entered the house. Four of the officers ran upstairs to the bedroom where Cheryl and Charles Noel were sleeping. Hearing the commotion, Cheryl Noel grabbed her handgun and stood up out of bed. She was standing by the bed with her gun pointed slightly downward at waist level when two of the defendants kicked open the door and entered the room.

3

Defendant Artson quickly fired two shots at Cheryl Noel, who slumped to the floor at the foot of the bed with her right arm resting on the bed, approximately eight inches from the gun. Artson told her to get away from the gun. At this point, Charles Noel states that his wife remained motionless and unresponsive, while Artson says that she continued to look at the firing officer "like she's trying to make a choice, make a decision." Artson states that Cheryl Noel moved her hand toward the gun, prompting him to fire a third shot into her chest. The coroner found that the third shot, unlike the first two, was immediately fatal. The police later charged three residents of the house with drug possession.

Cheryl Noel's survivors filed a complaint against defendants for damages under 42 U.S.C. § 1983 and under the common law of Maryland. Following discovery, defendants filed a Motion for Summary Judgment, which the district court denied on September 6, 2007. Several days later, defendants wrote to the district court to ask whether it had considered and ruled on the qualified immunity issue and whether defendants could file supplemental briefs on the issue. The court noted that qualified immunity was not mentioned in the Motion for Summary Judgment, but that it had considered the issue sua sponte and concluded that "there were genuine issues of material fact as to whether Defendants were entitled to qualified immunity" on both

4

the "no-knock" and third shot issues. The court did not accept further briefing. Defendants then appealed the denial of qualified immunity.

## II.

On October 9, 2007, plaintiffs filed a motion to dismiss defendants' appeal on grounds that the defendants had waived their claim of qualified immunity. We agree with plaintiffs that defendants have waived their qualified immunity defense and that the appeal must accordingly be dismissed.

Defendants mentioned the immunity defense briefly in their Answer, but the defense only surfaced in the Reply to the Plaintiffs' Opposition to the Motion for Summary Judgment in anything like a full-blown form. Defendants explain that they did not discuss the defense earlier because they believed plaintiffs' underlying constitutional claims lacked merit.

Our cases have been consistent on one thing: that to be preserved for appeal, the defense of qualified immunity must be raised in a timely fashion before the district court. E.g., Sales v. Grant, 224 F.3d 293, 296-97 (4th Cir. 2000) (barring the defendant from pursuing his qualified immunity defense when he only cursorily mentioned the defense in his answer to a § 1983 complaint); Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 226 (4th Cir. 1997) (barring the defendant from raising a

5

qualified immunity defense for the first time on appeal); Buffington v. Baltimore County, 913 F.2d 113, 120-21 (4th Cir. 1990) (holding that a party had abandoned its qualified immunity defense in a § 1983 action by not raising the issue clearly in the motion for summary judgment).

The case on which defendants rely, Ridpath v. Board of Governors Marshall University, 447 F.3d 292 (4th Cir. 2006), is not to the contrary. Ridpath confirmed that "[g]enerally, qualified immunity must be raised in an answer or a dismissal motion," but allowed for discretionary appellate review in some circumstances. 447 F.3d at 305 (citing Fed. R. Civ. P. 8(c)). In Ridpath, the court concluded that (1) the plaintiff was not prejudiced by the district court's consideration of the untimely defense, because the court rejected the defense; (2) there was no sign that the plaintiff sought to respond to the claim; and (3) the plaintiff had fully addressed the qualified immunity issue before the court of appeals. Id. at 306. But Ridpath is clear that review of untimely claims is within the discretion of the appellate court.

Here, plaintiffs would suffer prejudice because they had no chance to address the issue in their opposition to summary judgment. It was not until their reply to plaintiffs' opposition to the summary judgment motion that defendants even argued the immunity defense, and "[c]onsidering an argument

6

advanced for the first time in a reply brief . . . entails the risk of an improvident or ill-advised opinion . . . ." McBride v. Merrell Dow & Pharms., Inc., 800 F.2d 1208, 1211 (D.C. Cir. 1986). Our cases require that an affirmative defense be raised in a timely fashion for a reason: what happened here deprived plaintiffs of any chance to brief the question and receive a fully considered ruling. The failure to raise the defense in a timely fashion likewise deprived the district court of orderly process and this court of the full benefit of the district court's reasoning. To permit appellate review in these circumstances would reward parties who bypass settled procedural requirements, and would encourage imprecise practice before the trial courts. Accordingly, we decline to entertain this interlocutory appeal and remand the action for further proceedings in the district court.

DISMISSED