**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7621**

CHAWNTEL MCCOY,

       Plaintiff – Appellant,

    v.

CORRECTIONAL OFFICER ENDICOTT, individually and in his official capacity; CORRECTIONAL OFFICER HALE, individually and in his official capacity,

       Defendants – Appellees,

    and

ADMINISTRATOR KIM WOLFE, individually and in his official capacity; CAPTAIN CARL ALDRIDGE, individually and in his official capacity; WEST VIRGINIA REGIONAL JAIL AND CORRECTIONAL FACILITY AUTHORITY; JOHN DOE, unknown person or persons; CORRECTIONAL OFFICER FERGUSON, individually and in her official capacity; CORRECTIONAL OFFICER JOHN DOES I-V; CORRECTIONAL OFFICER JOHN DOES VI-X, individually and their official capacities,

       Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:18-cv-01546)

Argued: October 29, 2021                 Decided: November 16, 2021

Before NIEMEYER and KING, Circuit Judges, and Thomas T. CULLEN, United States District Judge for the Western District of Virginia, sitting by designation.

Dismissed by unpublished per curiam opinion.

**ARGUED**: Kerry Alexander Nessel, THE NESSEL LAW FIRM, Huntington, West Virginia, for Appellant. William E. Murray, ANSPACH MEEKS ELLENBERGER PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Chawntel McCoy appeals from the district court's award of summary judgment on her 42 U.S.C. § 1983 excessive force claim against defendant Correctional Officers Endicott and Hale, brought in state court and removed to the Southern District of West Virginia. *See McCoy v. Ferguson*, No. 3:18-cv-01546 (S.D. W. Va. Aug. 13, 2019), ECF No. 44 (the "Opinion"). By her Complaint, McCoy alleged both state and federal causes of action against several defendants. In addition to the § 1983 claim, McCoy asserted state law claims against Endicott and Hale for violating rights protected by West Virginia's constitution, state common law, and unspecified state statutory provisions. As explained herein, because the district court failed to resolve McCoy's state law claims against Endicott and Hale, there is no final order and we lack jurisdiction. We therefore dismiss McCoy's appeal.[*]

I.

The incident giving rise to this litigation occurred while McCoy was in pretrial detention in early 2018 at the Western Regional Jail in Cabell County, West Virginia. On February 13, 2018, McCoy requested medical assistance and defendant Correctional Officer Ferguson responded. That response resulted in a physical struggle between McCoy

---

[*] McCoy's claims against defendants other than Endicott and Hale are not at issue here. The claims against Administrator Kim Wolfe, Captain Carl Aldridge, and the West Virginia Regional Jail and Correctional Facility Authority were dismissed by a stipulated order. Additionally, the claims against Correctional Officer Ferguson, who was not served, and the John Doe defendants were similarly dismissed with McCoy's consent.

3

and Ferguson, which led to a call for officer assistance. Endicott and Hale came to Ferguson's aid and assisted her in restraining McCoy, which caused McCoy to fall to the floor. As the result of the fall, McCoy struck her face and suffered severe injuries.

Following the incident, on June 6, 2018, McCoy filed her Complaint, alleging violations of both federal and state law. First, the Complaint asserted the 42 U.S.C. § 1983 excessive force claim premised on violations of the Fourth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States. Second, the Complaint alleged four claims under provisions of West Virginia's constitution. Third, the Complaint asserted at least eight tort claims under West Virginia common law, including claims of harassment, unwelcome touching, civil battery, civil assault, intentional infliction of emotional distress, and civil conspiracy. Finally, the Complaint alleged violations of unspecified state statutes. As to Hale and Endicott, the Complaint sought compensatory and punitive damages. On December 27, 2018, the defendants removed the litigation from state court to the Southern District of West Virginia, pursuant to 28 U.S.C. § 1441(a).

On January 16, 2019, Endicott and Hale moved for an award of summary judgment. In their supporting memorandum, Endicott and Hale explained that they were entitled to summary judgment because McCoy "[could not] produce any evidence in support of her claim that [Endicott and Hale] caused her injury in violation of her constitutional rights." *See McCoy v. Ferguson*, No. 3:18-cv-01546, at 1 (S.D. W. Va. Jan. 16, 2019), ECF No. 6. Additionally, Endicott and Hale asserted that they were entitled to qualified immunity because their conduct did not violate a "clearly established statutory or constitutional right." *Id.* at 6-7. The summary judgment motion and supporting memorandum failed to

4

address McCoy's state law claims, confining the discussion to her § 1983 excessive force claim only. And none of the other summary judgment submissions discussed or mentioned McCoy's state law claims.

On August 13, 2019, the district court filed its Opinion granting summary judgment to Endicott and Hale. Although the court acknowledged that McCoy had sued under both federal and state law, *see* Opinion 2, it limited its discussion to the § 1983 excessive force claim. The court first concluded that Endicott and Hale had not used excessive force when they restrained McCoy. *Id.* at 8. The court also ruled that Endicott and Hale were entitled to qualified immunity. *Id.* at 11. On September 10, 2019, McCoy moved for reconsideration, contending that the court should have considered other evidence adduced during discovery. The court denied that motion on October 3, 2019, explaining that the evidence did not alter its conclusion that Endicott and Hale's conduct did not constitute excessive force. *See McCoy v. Ferguson*, No. 3:18-cv-01546, at 5-6 (S.D. W. Va. Oct. 3, 2019), ECF No. 51.

On October 16, 2019, the district court ordered that judgment be entered in favor of Endicott and Hale and that the litigation be dismissed and stricken from the docket. *See McCoy v. Ferguson*, No. 3:18-cv-01546 (S.D. W. Va. Oct. 16, 2019), ECF No. 60. McCoy then noted an appeal from the court's decisions awarding summary judgment to Endicott and Hale and denying reconsideration.

II.

Before addressing the merits of McCoy's appellate contentions, we must be satisfied that we have jurisdiction in this appeal. Although the parties now argue that we possess jurisdiction, we "have an independent obligation to verify" its existence. *See Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted). We exercise appellate jurisdiction over final decisions only, *see* 28 U.S.C. § 1291, plus certain interlocutory and collateral orders, *see* 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). In assessing whether all alleged claims have been resolved, "we look to substance, not form." *Id.* "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.* In other words, a district court's mislabeling of an order as final, or the striking of a case from the court's docket, does not turn an interlocutory order into a final one for purposes of appellate jurisdiction. *Cf. Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 295 (4th Cir. 2008) (explaining that "an otherwise non-final order does not become final because the district court administratively closed the case after issuing the order").

McCoy, in suing Endicott and Hale, sought relief under the federal and state constitutions, as well as state common law and state statutes. The claim alleging violations of the Constitution of the United States, pursued under 42 U.S.C. § 1983, was the basis for removal jurisdiction. With respect to McCoy's state law claims, the district court could

6

adjudicate them only if it was exercising supplemental jurisdiction over closely related claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a). As relevant here, we have recognized that the "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). And, in a § 1983 case, it is not uncommon for a district court to decline to exercise supplemental jurisdiction over state law claims after dismissing the § 1983 claim. *See, e.g.*, *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010) ("Given the dismissal of plaintiff's [§ 1983] claim, it is appropriate to decline to exercise supplemental jurisdiction over her state law claims, and to dismiss those claims without prejudice.").

McCoy's litany of state law claims against Endicott and Hale — including four under West Virginia's constitution and at least eight common law tort claims — were apparently overlooked in this litigation. The summary judgment motion did not address McCoy's state law claims at all. In fact, the motion predicated the request for summary judgment solely on the absence of a federal constitutional violation. Nor were McCoy's state law claims against Endicott and Hale addressed in the summary judgment submissions that followed. After the district court granted summary judgment in favor of Endicott and Hale, McCoy limited this appeal to her § 1983 excessive force claim, asserting in oral argument that it was her "most salient" claim. While that may be so, the appeal must be dismissed unless McCoy's state law claims against Endicott and Hale were finally resolved by the district court.

7

In an effort to convince us of our jurisdiction, the lawyers maintained at oral argument that the district court actually resolved McCoy's state law claims when it granted summary judgment. In that regard, we acknowledge that the court, in subsequently dismissing the case, stated that all claims had been resolved. As our decision in *Porter v. Zook* directs, however, we are obliged to examine the substance of the court's Opinion to determine whether that is so. *See* 803 F.3d at 696.

In contending that the district court resolved McCoy's state law claims, Endicott and Hale asserted that the qualified immunity discussion in the Opinion implicitly extended to the state law claims. That discussion, however, was the court's response to McCoy's contention that Endicott and Hale were not entitled to qualified immunity on her § 1983 excessive force claim because they had violated not only clearly established federal law, but also clearly established West Virginia law. As such, the court discussed West Virginia law only in the context of evaluating Endicott and Hale's entitlement to qualified immunity on the § 1983 claim. Meanwhile, the court did not even identify the various state law claims, including claims distinct from the § 1983 claim. And of course, the court was not obliged to address Endicott and Hale's entitlement to qualified immunity with respect to the state law claims because the summary judgment motion did not assert immunity on those claims. *See Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000).

At bottom, the parties would have us conclude that the summary judgment motion requested the district court to resolve McCoy's state law claims, and that the court resolved them on the merits. In fact, however, neither the summary judgment motion nor the Opinion addressed those claims. In these circumstances, we lack jurisdiction in this appeal.

8

III.

Pursuant to the foregoing, we dismiss McCoy's appeal for lack of jurisdiction.

*DISMISSED*